IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| CAPSTONE ASSOCIATED SERVICES, LTD., by and through CAPSTONE HOLDINGS CORP., Tax Matters Partner, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 21-913T |
| v. | ) ) | Filed: February 1, 2022 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On February 11, 2021, Plaintiff filed this action contesting provisions of a Notice of Final Partnership Administrative Adjustment ("FPAA") for the taxable year 2016 issued by the Internal Revenue Service ("IRS"). *See generally* Pl.'s Compl., ECF No. 15 (public version). Plaintiff alleges that the FPAA was erroneous in multiple ways, requests a redetermination of the FPAA to remove all wrongful adjustments and penalties assessed, and seeks to recover $125,000 in taxes deposited plus interest and all deposits made toward applicable penalties plus interest. Defendant filed an answer on August 26, 2021. Def.'s Answer, ECF No. 21 (public version). Therefore, under the case management procedures outlined in Appendix A of the Court's rules ("RCFC"), the parties' joint preliminary status report was due October 14, 2021.

Instead of a joint status report, Plaintiff filed a motion for summary judgment on that date. Pl.'s Mot. for Summ. J., ECF No. 22. Plaintiff argues that it is entitled to summary judgment on three issues: (1) whether Plaintiff purchased bona fide insurance and is therefore entitled to a deduction for certain premiums paid; (2) whether Plaintiff is liable for an accuracy-related penalty

under I.R.C. § 6662; and (3) whether Plaintiff is entitled to exclude or offset from its taxable income the amount of insurance claims paid to Plaintiff for losses that were covered under policies issued to Plaintiff.  Pl.'s Mem. in Supp. of Summ. J. at 7, ECF No. 23.

Defendant moved for relief under RCFC 56(d) on November 10, 2021, requesting that the Court either stay the deadline for its response to Plaintiff's summary judgment motion or deny the motion without prejudice to refiling at a later date.  Def.'s Mot. for Relief under RCFC 56(d), ECF No. 24.  Under RCFC 56(d), the Court may stay or deny a motion for summary judgment or allow time to take discovery where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  A party asserting RCFC 56(d) "must set forth 'with some precision,' the evidence it hopes to obtain, how this evidence would likely disclose issues of material fact, and why it is unable to access such evidence without further discovery."  *Padilla v. United States*, 58 Fed. Cl. 585, 593 (2003) (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)); *see also Theisen Vending Co., Inc. v. United States*, 58 Fed. Cl. 194, 198 (2003) (citing *Resolution Trust Corp. v. N. Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir. 1994)).  "Motions for additional discovery under RCFC 56(d) 'are generally favored and are liberally granted.'"  *Clear Creek Cmty. Servs. Dist. v. United States*, 100 Fed. Cl. 78, 83 (2011) (quoting *Chevron U.S.A. Inc. v. United States*, 72 Fed. Cl. 817, 819 (2006)).

Defendant argues that this is a *de novo* proceeding, not merely a review of the IRS's decision on an established administrative record.  Accordingly, Defendant is entitled to develop legal arguments and supporting facts regardless of the IRS's reasoning.  ECF No. 24 at 4–5.  Further, it contends that cases involving a "micro-captive tax shelter," as alleged here,[1] are fact-

---

[1] Defendant asserts that the insurance policies at issue are part of an abusive "micro-captive transaction," a collusive arrangement involving fake insurance policies that have no economic effect other than to create tax deductions.  *See* ECF No. 24 at 2–3.

2

intensive and require significant discovery and litigation to determine whether the insurance at issue is truly insurance. *Id.* at 5. Specific issues for discovery identified by Defendant include whether the arrangement involves insurable risk, shifts risk from insureds to the insurer, distributes risk, and constitutes insurance in the commonly accepted sense. *See* Decl. of Joseph A. Sergi ¶ 4, ECF No. 24-1. Defendant also has identified 15 individuals and 45 entities that may possess information related to the facts and issues raised in the Complaint. *Id.* ¶ 5; Def.'s Initial Disclosures, ECF No. 24-2. Plaintiff argues that Defendant does not meet its burden for relief under RCFC 56(d) and already has all the information it needs to respond to Plaintiff's motion because Plaintiff previously produced to the IRS 12,000 pages of documents. *See* Pl.'s Opp'n to Def.'s RCFC 56(d) Mot. at 9–12, ECF No. 25.

The Court finds that full relief under RCFC 56(d) is warranted and grants Defendant's motion accordingly. Ordinarily, courts will deny time for *additional* discovery where a party has not worked diligently prior to the motion's filing, the close of discovery, and/or the completion of briefing on the merits. *See, e.g.*, *Anham FZCO v. United States*, 123 Fed. Cl. 386, 389 (2015) (RCFC 56(d) standard not met where case had progressed at "sluggish pace" for two years, discovery had been extended six times, and the defendant raised an issue beyond the narrow scope of the summary judgment motion, which presented a "pure question of law"); *Confidential Informant 59-05071 v. United States*, 134 Fed. Cl. 698, 722 (2017), *aff'd*, 745 F. App'x 166 (Fed. Cir. 2018).

Here, however, there has been *no* discovery, which is usually necessary for resolving a summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019) (collecting cases) ("Appellate courts often remand a denial of additional time for discovery when the motion for summary judgment is

filed before the close of discovery, especially if there are pending discovery disputes."). Plaintiff's assertion that Defendant is already in possession of all relevant information misstates the nature of this case, which is not a review of agency action on an established administrative record, but rather a "*de novo* proceeding[]." *Leighton v. United States*, 155 Fed. Cl. 543, 549 (2021) (citing *Hartman v. United States*, 99 Fed. Cl. 168, 179 (2011)); *see also Cook v. United States*, 46 Fed. Cl. 110, 113 (2000) (citing *Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 322 (1996)) ("[F]actual issues are tried *de novo* in this court, with no weight given to subsidiary factual findings made by the [IRS] in its internal administrative proceedings."); *Austin Inv. Fund, LLC ex rel. Ricobene LLC v. United States*, No. 06-844T, 2009 WL 103763, at *2 (Fed. Cl. Jan. 6, 2009). So, despite the IRS's prior review and determination of Plaintiff's claims, Plaintiff is not relieved of its obligation to participate in discovery. *See, e.g.*, *Perfect Form Mfg. LLC v. United States*, 142 Fed. Cl. 778, 787 (2019) (citing *Evergreen Trading, LLC ex rel. Nussdorf v. United States*, 80 Fed. Cl. 122, 136 (2007)) ("[The plaintiff]'s having previously provided documents to the IRS does not relieve it of the responsibility to provide those documents during the discovery phase of litigation it instituted."); *Alta Wind I Owner-Lessor C v. United States*, 117 Fed. Cl. 369, 375 (2014).

Further, Defendant's showing under RCFC 56(d) demonstrates the need for discovery in this case. The principal issue in this case is whether Plaintiff's transactions with a purported insurance company amount to genuine insurance necessary for the tax benefits Plaintiff claims, which involves determining whether the transactions at issue had "economic substance" or "economic reality." *Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1355–57 (Fed. Cir. 2006). In the insurance context, the Court must determine whether the relevant transactions shifted and distributed insurable risk from the insured to the insurer and constituted insurance in the commonly accepted sense. *See Ocean Drilling & Expl. Co. v. United States*, 24 Cl. Ct. 714, 721 (1991) (citing

4

*Helvering v. Le Gierse*, 312 U.S. 531, 539 (1941)), *aff'd*, 988 F.2d 1135 (Fed. Cir. 1993); *Rent-A-Center, Inc. v. Comm'r*, 142 T.C. 1, 13–14 (2014). As Defendant points out, recent Tax Court cases considering similar questions have gone to trial and received testimony from multiple expert witnesses, indicating the fact-intensive nature of this inquiry. *See, e.g.*, *Avrahami v. Comm'r*, 149 T.C. 144 (2017); *R.V.I. Guar. Co., Ltd. & Subsidiaries v. Comm'r*, 145 T.C. 209 (2015); *Rent-A-Center*, 142 T.C. at 1; *Securitas Holdings, Inc. v. Comm'r*, 108 T.C.M. (CCH) 490 (2014); *Syzygy Ins. Co., Inc. v. Comm'r*, 117 T.C.M. (CCH) 1165 (2019).

Here, Defendant has identified numerous issues with respect to the insurer's inner workings, resolution of which will allow the Court to determine whether Plaintiff is claiming bona fide insurance under the factors listed above. *See* ECF No. 24-1 ¶ 4(c). In contrast, Plaintiff offers 16 material facts in support of its summary judgment motion, ECF No. 23 at 7–10, which provide only surface-level information as to the insurer and policies purchased and fail to address outstanding questions as to the insurer's internal management that would allow the Court to determine that, contrary to the IRS's determination, Plaintiff purchased bona fide insurance that entitles it to the sought-after tax benefits. *See, e.g.*, *R.V.I.*, 145 T.C. at 209; *see also Cook*, 46 Fed. Cl. at 113 (citing *United States v. Janis*, 428 U.S. 433, 440–41 (1976)) ("[I]n a refund suit, the assessment made by the [IRS] is presumed to be correct and this places an obligation on the taxpayer to come forward with evidence to rebut the presumption."). The Court finds discovery is necessary to determine whether the relevant policies amount to bona fide insurance.

Plaintiff also argues that resolution of secondary issues regarding accuracy-related penalties and an offset does not require the information Defendant seeks and can be resolved without further discovery. *See* ECF No. 25 at 13–16. Specifically, Plaintiff argues that both the "substantial authority" or "adequately disclosed" inquiries for reduction of accuracy-related

5

penalties under I.R.C. § 6662(d)(2)(B) present questions of law; however, those standards may not be applicable depending on the outcome of the bona fide insurance issue.  *See* I.R.C. § 6662(d)(2)(C)(i) ("Subparagraph (B) shall not apply to any item attributable to a tax shelter."). Likewise, it appears that Plaintiff's success on the offset (or "tax benefit rule") issue would necessarily require the failure of Plaintiff's primary argument that it purchased bona fide insurance.  *See* Def.'s Opp'n to Pl.'s Appl. for Def. J. at 2, n.2, ECF No. 28; ECF No. 23 at 36–37.  The Court is not inclined to force the parties to litigate and itself to decide issues that may be rendered moot by the outcome of a primary issue that requires further development.  *See, e.g.*, *Jade Trading, LLC v. United States*, 60 Fed. Cl. 558, 559 (2004) (denying summary judgment without prejudice on an issue that the court "may not need to reach").

When granting relief under RCFC 56(d), the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Because the summary judgment motion was filed before the parties engaged in discovery, the Court will deny Plaintiff's motion without prejudice to re-filing at a later date.  *See Jade Trading*, 60 Fed. Cl. at 559 ("[F]orcing Defendant to engage in truncated discovery solely to enable it to oppose Plaintiffs' motions would be a wasteful exercise in piecemeal litigation and could engender extraneous disputes as to the scope of discovery 'essential' for Defendant to respond to Plaintiffs' motions.").[2]

---

[2] The Court appreciates Plaintiff's concerns about excessive and protracted discovery; however, such concerns are premature.  Indeed, following the Court's case management procedures may alleviate these considerations.  *See* RCFC App. A ¶ 1 ("These case management procedures are intended to promote cooperation among counsel, assist in the early identification of issues, minimize the cost and delay of litigation, and enhance the potential for settlement.").  The parties can confer in the early meeting of counsel and throughout this case's early stages to reach stipulations; establish an accelerated briefing schedule, if necessary; and/or settle issues that will narrow the scope of this case and conserve time and resources, if possible.  *Id.* ¶ 3.  Once the parties are engaged in discovery, Plaintiff will have the opportunity to work out solutions with

Finally, on December 17, 2021, Plaintiff filed an Application for Default Judgment on the accuracy-related penalties and offset issues. Pl.'s Appl. for Default J., ECF No. 27. In support, Plaintiff argues that default judgment is appropriate because "Defendant did not file a response to Plaintiff's MSJ and, instead, filed a motion under Rule 56(d) on November 10, 2021 and only addressed one issue raised," failing to address the other two issues and related factual claims in both the main brief and reply. *Id.* at 2–3. This Court's rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." RCFC 55(a) (emphasis added).

Plaintiff's application is fundamentally flawed. First, the Clerk has not entered a default, nor would there be any reason to given that Defendant timely filed the Answer to the Complaint on August 26, 2021. *See Siegler v. Sorrento Therapeutics, Inc.*, No. 20-1435, 2021 WL 3046590, at *12 (Fed. Cir. July 20, 2021) ("First, a party must secure an entry of default by the court clerk . . . only after an entry of default may a party seek a default judgment."). Nor is there a failure to "otherwise defend" because Defendant's counsel engaged Plaintiff's counsel in anticipation of the joint preliminary status report deadline and responded to Plaintiff's premature motion for summary judgment with a motion under RCFC 56(d), a proper response given the unusual timing of Plaintiff's motion. *See Clear Creek*, 100 Fed. Cl. at 82 ("A nonmoving party may *respond* to a motion for summary judgment by filing a motion under RCFC 56(d) . . . .") (emphasis added). Default judgment is not appropriate.

---

Defendant in a way that balances the needs of both parties and provides the Court with enough facts to decide the merits. If necessary, the parties may seek Court intervention to resolve discovery disputes. Such objections at this stage, however, are simply not ripe.

For the foregoing reasons, Defendant's Motion for Relief under RCFC 56(d) as to Plaintiff's Motion for Summary Judgment (ECF No. 24) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED WITHOUT PREJUDICE** to refiling at a later date. Plaintiff's Application for Default Judgment (ECF No. 27) is **DENIED**. In accordance with the procedures outlined in RCFC Appendix A, the parties shall confer and submit a Joint Preliminary Status Report on or before **February 28, 2022**.

    **SO ORDERED**.

Dated: February 1, 2022

                                         */s/ Kathryn C. Davis*
                                        KATHRYN C. DAVIS
                                        Judge