IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| CAPSTONE ASSOCIATED SERVICES, LTD., by and through CAPSTONE HOLDINGS CORP., | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 21-913T |
| v. | ) ) | Filed: June 23, 2022 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the Complaint in this matter on February 11, 2021. *See* Pl.'s Compl., ECF No. 1. At the same time, Plaintiff moved for leave to maintain the Complaint under seal and to file a redacted version for public view. *See* Pl.'s Proposed Redacted Compl., ECF No. 2; Pl.'s Mot. for Leave to File Under Seal, ECF No. 3. The motion explained that the Complaint contains information identifying Plaintiff's owners and profit information, which should be protected from public disclosure because it is confidential and/or proprietary. Specifically, Plaintiff argued that such information implicates Plaintiff's competitive standing and reveals the personal financial information of its owners. It emphasized that its sealing request was narrowly limited to those two pieces of information. *See generally* ECF No. 3. Under Rule 7.2(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant's response to the motion was due within 14 days, or by February 25, 2021.

Counsel for Defendant filed his Notice of Appearance on April 5, 2021. *See* ECF No. 7. On April 9, Defendant moved for an extension of time until July 11, 2021, to answer or otherwise

respond to Plaintiff's Complaint, but it did not address Plaintiff's outstanding Motion for Leave to File Under Seal. *See* Def.'s Unopposed Mot. for Enlargement of Time to Respond to Pl.'s Compl., ECF No. 8. On May 5, 2021, the Court granted Plaintiff's Motion for Leave to File Under Seal, noting in part that Defendant had not filed any objection. Order Granting Pl.'s Mot. for Leave to File Under Seal, ECF No. 9; *see* Pl.'s Redacted Compl., ECF No. 15. On August 26, 2021, Defendant filed its Answer, both under seal and in redacted form on the public record. *See* Def.'s Answer, ECF No. 18; Def.'s Redacted Answer, ECF No. 21. Plaintiff subsequently moved for summary judgment on October 14, 2021, and Defendant responded by moving for relief under RCFC 56(d). Pl.'s Mot. for Summ. J., ECF No. 22; Def.'s Mot. for Relief Under RCFC 56(d) as to Pl.'s Mot. for Summ. J., ECF No. 24. The Court granted Defendant's request and denied without prejudice Plaintiff's premature motion on February 1, 2022. Mem. Op. & Order, ECF No. 29.

On February 28, 2022, over a year after Plaintiff first requested permission to file the Complaint under seal and nearly 11 months after Defendant's counsel appeared in this action, Defendant moved to unseal the Complaint and Answer.[1] Def.'s Mot. to Unseal, ECF No. 30. Defendant argues that the Complaint should be unsealed because the public interest weighs in favor of public access. It contends the identity of Plaintiff's co-owners and taxable income are material and will help ensure the public's understanding of the Court's ultimate decision. *See id.* at 4–5. Additionally, Defendant asserts that Plaintiff waived any privacy interest in the identities of its co-owners, Stewart Feldman and Marla Matz, by expressly naming them in unsealed filings supporting Plaintiff's unsuccessful Motion for Summary Judgment. *Id.* at 5–6. Plaintiff concedes

---

[1] Defendant also sought leave to file its briefs in support of its motion under seal, as they directly address the information currently redacted from the publicly filed Complaint. *See* Def.'s Mot. for Leave to File Under Seal its Mot. to Unseal, ECF No. 31; Def.'s Mot. for Leave to File Under Seal its Reply in Supp. of its Mot. to Unseal, ECF No. 39.

2

that it disclosed the names of its co-owners in public filings; however, it asserts that "there continues to be a need to protect Plaintiff's profitability information from disclosure." *See* Pl.'s Opp'n to Def.'s Mot. to Unseal at 2–3, ECF No. 37.

The Court agrees with Defendant as to the identity of Plaintiff's co-owners, whose names are included in Plaintiff's publicly filed summary judgment materials and response to this motion. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J. at 12, ECF No. 23 ("Capstone is owned 50 percent each by Stewart A. Feldman ('Feldman') and Marla B. Matz ('Matz') . . . ."); Ex. AT to Pl.'s Mot. for Summ. J. at 220–21, ECF No. 23-3 (Affidavit of Stewart A. Feldman); ECF No. 37 at 1 n.1, 2. Given these disclosures on the public record, protection of the co-owners' identities is not justified. *See, e.g.*, *Black v. United States*, 24 Cl. Ct. 461, 465 (1991) (sealing not appropriate "where the precise data sought to be protected was voluntarily made a part of the public record by plaintiff").

With respect to Plaintiff's profitability information, the Court will deny Defendant's motion without prejudice. There exists a strong presumption in favor of public access to court documents which is "based on 'promoting the public's understanding of the judicial process,'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)), "including what a court does and how a court goes about adjudicating cases," *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 70–71 (11th Cir. 2013) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985)). However, the public is not necessarily entitled to documents and information that do not "aid the understanding of judicial decisionmaking." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014). The Court has issued just one opinion in this case, which addressed largely procedural matters. *See* ECF No. 29 (granting Defendant's RCFC 56(d) motion). Defendant does not demonstrate how the public's understanding of the judicial decision-

making in this case, thus far limited to the Court granting RCFC 56(d) relief, would be aided by unsealing Plaintiff's Complaint to reveal its profit information. *See, e.g.*, *Apple Inc.*, 727 F.3d at 1226 (trial court erred by unsealing information "not essential to the public's understanding of the jury's damages award" or "the district court's rulings on any of the parties' pre-trial motions").

Further, Defendant's argument that the Court's rulings and "*ultimate* decision" are "*likely* to have broad implications on Plaintiff's field," ECF No. 30 at 4 (emphasis added), assumes that Plaintiff's profit information will be necessary to understand *possible future* Court decisions. But without knowing what information such future rulings (if any) will cite to and rely on, it is premature to determine that the public's understanding will be aided by access to this information. *See United States v. Kravetz*, 706 F.3d 47, 58 (1st Cir. 2013) (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)) (explaining that documents and information which are "relevant to the determination of the litigants' *substantive rights* that came to the attention of the district judge could 'fairly be assumed to play a role in the court's deliberations'") (emphasis added)). Defendant relies heavily on *AmerGen Energy Co., LLC by & through Exelon Generation Co., LLC v. United States*, 115 Fed. Cl. 132 (2014), a tax case in which the court denied the plaintiff's motion to maintain certain filings under seal. *See* ECF No. 30; Reply in Supp. of Def.'s Mot. to Unseal, ECF No. 38. But the *AmerGen* court decided those issues of public access *after* it decided the case's merits in a lengthy opinion, an approach this Court finds more appropriate here. *See* 115 Fed. Cl. at 136. Moreover, entertaining Defendant's argument at this juncture—absent some tethering to the actual impact on the public's understanding of this case—is not justified where Defendant entirely failed to timely raise this objection to Plaintiff's sealing request, even though such ground was available to it in 2021 when its response to Plaintiff's motion was due.

4

For the foregoing reasons, Defendant's Motion to Unseal (ECF No. 30) is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part**.  Plaintiff's unredacted Complaint (ECF No. 1) shall remain under seal at this time.  Defendant may move to unseal at a later date.  Plaintiff shall file **by no later than June 30, 2022**, a revised Redacted Complaint disclosing the identities of the co-owners whose names are publicly disclosed in this Order, Plaintiff's opposition brief, and the summary judgment materials cited above.  Because Defendant's briefs in support of its motion expressly reference only the identities of Plaintiff's owners (and not specific profit information), Defendant's Motions for Leave to File Under Seal (ECF No. 31 & ECF No. 39) are **DENIED AS MOOT**.  The Clerk shall unseal Defendant's briefs at ECF No. 30 and ECF No. 38.

**SO ORDERED**.

Dated: June 23, 2022                              */s/ Kathryn C. Davis*
                                                                                       KATHRYN C. DAVIS
                                                                                        Judge