## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| —————————————————— ) | |
| CAPSTONE ASSOCIATED SERVICES, ) | |
| LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 21-cv-0913 |
| ) | |
| THE UNITED STATES, ) | Filed: August 31, 2023 |
| ) | |
| Defendant. ) | |
| —————————————————— ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Sanctions Imposed by the Court's June 15, 2023, Order. *See* ECF No. 115. After thorough review, the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

On February 11, 2021, Plaintiff filed a Complaint contesting provisions of a Notice of Final Partnership Administrative Adjustment ("FPAA") issued by the IRS for the taxable year 2016. *See generally* Pl.'s Compl., ECF No. 15 (public version). On August 26, 2021, the Government filed its Answer. *See* Def.'s Answer, ECF No. 18. "[T]the principal issue in this case is whether Plaintiff's transactions with a purported insurance company amount to genuine insurance necessary for the tax benefits Plaintiff claims." Mem. Op. & Order at 4, ECF No. 29. Since April 2022, the parties have been engaged in fact discovery.

As relevant here, on December 27, 2022, the Government served Plaintiff with its Second Set of Interrogatories, which sought in Interrogatory 11(d) the identity of all custodians whose information Plaintiff searched in responding to the Government's "discovery requests issued on May 12, 2022[,] and October 5, 2022," including "each custodian's name, title, affiliation, and

type of information under their control."[1]  Mot. for Sanctions as to Pl.'s Resp. to Interrog. 11(d) at 2–3, ECF No. 68 (quoting Interrogatory No. 11 in full).  Plaintiff objected to the interrogatory as overly broad and beyond the scope of permitted discovery; and after unsuccessful attempts to gain a complete response to Interrogatory No. 11, the Government raised the dispute, among others, in the parties' February 17, 2023, joint status report ("JSR").  *See* ECF No. 54 at 6–14.  The Court held a discovery conference on February 23, 2023, to discuss the issues raised in the JSR, including Plaintiff's responses to Interrogatory 11(d) and 11(f).  Noting its concern that Plaintiff's document production was coming in "dribs and drabs" contrary to statements on at least four occasions that "this is all we have," Status Conf. Feb. 2023 Tr. at 45:16–20, ECF No. 58, the Court held that the Government should be allowed to "seek some information about what Plaintiff has done to comply" with the discovery requests, *id.* at 46:1–4.  As to Interrogatory No. 11(d), the Court specifically noted that the focus of the request was "the names of the custodians" and ordered Plaintiff to respond.  *Id.* at 46:5–7, 17–19; *see* Order at 1, ECF No. 56.  The Court also ordered Plaintiff to respond to Interrogatory 11(f).  ECF No. 58 at 46:17–19.

Pursuant to that order, on March 10, 2023, Plaintiff served its revised response and for the first time objected to Interrogatory No. 11(d) "as being vague and ambiguous because the terms 'custodian' and 'affiliation' are not defined."  Ex. B to Pl.'s Mot. for Recons. at 1–2, ECF No. 115-3.  In its answer, Plaintiff identified four "custodian entities" (The Feldman Law Firm LLP, Capstone Holdings Corp., Capstone Associated Services, Ltd., and FinServ Casualty Corp.) and not any individual.  *Id.* at 2.  Plaintiff did not raise its vagueness and ambiguity objections, nor

---

[1] Interrogatory 11(f) requested that Plaintiff identify whether those same searches did or did not comprise of records and/or data sources of certain corporate entities, including the Feldman Law Firm LLP, Capstone Holdings Corp., Capstone Associated Services, Ltd., and FinServ Casualty Corp.

identify its position that the custodian of records for a corporate entity is the company itself, in its initial response to the interrogatory or at the February 23, 2023, conference while discussing the specific issue with the Court.  *See* Status Conf. June 2023 Tr. at 100:8–14, ECF No. 102.  The Government subsequently sent an email to Plaintiff challenging the sufficiency of its revised response.  Ex. D to Pl.'s Mot. for Recons. at 2–3, ECF No. 115-4.  On March 24, 2023, Plaintiff sent a reply arguing that only entities are custodians and not individuals, but if an individual must be identified that Stewart Feldman is the "custodian of records" for the following entities: The Feldman Law Firm LLP, Capstone Holdings Corp., and Capstone Associated Services, Ltd.  *Id.* at 1.  It further asserted that FinServ Casualty Corp. has no current custodian of records because it is no longer a legal entity.  *Id.*  The Government thereafter moved for sanctions under Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC") as to Plaintiff's response to Interrogatory No. 11(d).  *See* ECF No. 68.

On June 14, 2023, the Court held a Zoom hearing to address the motion for sanctions as to Interrogatory No. 11(d) and other pending motions.  *See* Order at 1, ECF No. 97.  The Court granted the motion in part, ruling on the record as follows:

> The Court considers Plaintiff's response to Interrogatory 11(d), providing the name of four entities as opposed to the names of individuals, to be in violation of its order and finds sanctions to be appropriate.  Plaintiff's strained interpretation of the word "custodian" is not supported by the generally understood meaning of that term or the case law.

> Mr. Feldman's declaration shows that regardless of whether Capstone has designated an individual as an official record custodian there are Capstone employees who create and maintain records, either electronically or [in] physical files.  These are the custodians for the purposes of Interrogatory 11(d) and Plaintiff's contrary reading is both over-technical and, in my opinion, evasive.

> However, the Court disagrees with the Government's requested sanction of deeming the four entities listed in Plaintiff's response as closely related and under Stewart Feldman's control as warranted at this time.  It orders instead that Plaintiff pay reasonable expenses, including attorneys' fees, incurred by the Government to

bring its motion after Plaintiff failed to comply with the Court's February 24th, 2023, order.

The Court finds that Plaintiff's position on custodians is not substantially justified, nor is there any other circumstance[] that would make an award of costs unjust. The Court also rejects Plaintiff's allegation that the Government failed to meet and confer before seeking sanctions, which is belied by evidence in the record at ECF Number 72-1 and the Government's certification in its motion.

Plaintiff is also ordered to comply with the Court's previous order and furnish the names of individual custodians by June 28th, 2023 . . . . The Government is ordered to provide Plaintiff with its request for fees by June 28th.  The parties are to submit a joint status report informing the Court of the parties' compliance with and satisfaction of the fee-related aspects of this order by July 28th.

ECF No. 102 at 100:15–102:10; *see* Order, ECF No. 99.

On June 27, 2023, Plaintiff provided the Government a second revised response to Interrogatory 11(d) with a list of individual custodians for the four entities—11 individuals (including Mr. Feldman) for Capstone Associated Services Ltd. and Capstone Holdings Corp., 11 individuals (including Mr. Feldman) for the Feldman Law Firm LLP, and ten individuals (including Mr. Feldman) for FinServ Casualty Corp.  Ex. F to Pl.'s Mot. for Recons. at 2–6, ECF No. 115-6.  On June 28, 2023, the Government requested fees in the amount of $29,094.44 related to the preparation of its motion for sanctions.  ECF No. 115 at 6.  In response to Plaintiff's request for clarity on how the fees were calculated, the Government provided a chart indicating that several of its attorneys collectively spent 120.5 hours preparing its 12-page sanctions motion.  Ex. G. to Pl.'s Mot. for Recons. at 1–2, ECF No. 115-7.

On July 18, 2023, Plaintiff filed the instant reconsideration motion, arguing that it timely provided Mr. Feldman's name as a custodian on March 24, 2023, disagreeing with the expansive scope of the Court's definition of "individual custodian," re-raising previously rejected arguments and caselaw, and challenging the reasonableness of the Government's fee request.  *See* ECF No.

115.  On August 1, 2023, the Government filed its Response to the Motion.  *See* ECF No. 122.  On

August 8, 2023, Plaintiff filed its Reply.  *See* ECF No. 124.  The Motion is now ripe for decision.

## II.  DISCUSSION

### A.      Legal Standards

Plaintiff argues that its reconsideration request should be considered under RCFC 60(b)(6),

while the Government contends that RCFC 54(b) governs.  *See* ECF No. 124 at 2; ECF No. 122

at 3.  Which rule applies has not been definitively established, but the answer depends on whether

the movant is seeking reconsideration of an interlocutory/non-final decision or a final judgment.

*See Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (noting that Rule 54(b) is the correct

rule under which to move for reconsideration because it applies to interlocutory orders that

adjudicate fewer than all the claims in a case while Rule 60(b)(6) applies only to final judgments

or orders); *Greene v. Union Mut. Life Ins. Co. of Am*., 764 F.2d 19, 22 (1st Cir. 1985) (noting that

Rule 60(b) involves relief from a final judgment whereas reconsideration of an interlocutory

decision relies on the inherent power of the district court as justice requires); *see also E&I Glob.*

*Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021) (reviewing three approaches to

the reconsideration of interlocutory orders in the Court of Federal Claims and holding that RCFC

54(b) applies to interlocutory decisions while RCFC 59(a) and (e) applies to final judgments); *but*

*see Petrone v. Werner Enters., Inc.*, No. 8:11CV401, 2023 WL 2955935, at *5 (D. Neb. Apr. 14,

2023) (citing *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021))

(applying Rule 60(b) for a challenge to a non-final order imposing monetary sanctions under Rule

37).  The Federal Circuit has not addressed the issue of which rule is applicable.  Irrespective of

the rules, the Supreme Court has recognized that "every order short of a final decree is subject to

reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

Other judges of this court have specifically found that RCFC 54(b) is the applicable rule where, as in the present case, the reconsideration request relates to an interlocutory decision. *See E&I Glob.*, 152 Fed. Cl. at 530 (explaining that RCFC 54(b) applies to the reconsideration of interlocutory decisions or any decision that adjudicates fewer than all the claims); *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011) (finding that where a party seeks reconsideration of an interlocutory decision and the merits of the case have not yet been addressed RCFC 54(b) governs instead of RCFC 60, which addresses reconsideration of final judgments). The Court agrees and applies RCFC 54(b), since the sanctions order at issue does not adjudicate the pending claim and the merits of the action remain to be addressed once discovery closes.

RCFC 54(b), in relevant part, provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id.* (emphasis added).  RCFC 54(b) represents the "'inherent power of the rendering [trial] court to afford such relief from interlocutory [decisions] as justice requires.'" *E&I Glob.*, 152 Fed. Cl. at 532 (alteration in original) (quoting *Greene*, 764 F.2d at 22); *see Loveridge v. United States*, 150 Fed. Cl. 123, 126 (2020) ("Reconsideration under RCFC 54(b) is available 'as justice requires'" (quoting *L-3 Commc'ns*, 98 Fed. Cl. at 48)).  The "as justice requires" standard allows the Court significant discretion in determining whether reconsideration is appropriate. *Loveridge*, 150 Fed. Cl. at 126.  A motion for reconsideration is not intended, however, to provide an unhappy litigant with a second bite at the apple. *See Demodulation, Inc. v. United States*, 124 Fed. Cl. 737,

739 (2016).  Reconsideration should be granted only if exceptional circumstances justify relief, including "(1) an intervening change in the controlling law; (2) availability of previously unavailable evidence; or (3) preventing manifest injustice."  *Id.* (citing *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 29 (2007)); *see L-3 Commc'ns*, 98 Fed. Cl. at 49 (reading "as justice requires" to mean that the court (1) "patently misunderstood a party"; (2) "made a decision outside the adversarial issues presented . . . by the parties"; (3) "made an error not of reasoning, but of apprehension"; or (4) "where a controlling or significant change in the law or facts" occurred since the issue was submitted to the court).  The Court is well within its discretion to deny a motion for reconsideration where there is no good reason to disturb its prior ruling.  *See E&I Glob.*, 152 Fed. Cl. at 533, 536.

It is worth noting that the "as justice requires" standard related to RCFC 54(b) bears a striking resemblance to RCFC 60(b)(6)'s "appropriate to accomplish justice" standard.  *Wagstaff v. United States*, 118 Fed. Cl. 172, 176 (2014) (stating RCFC 60(b)(6) authorizes "relief when 'appropriate to accomplish justice'" (quoting *Mojica v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 96, 99 (2011))), *aff'd*, 595 F. App'x 975 (Fed. Cir. 2014); *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1361 (Fed. Cir. 2014) (explaining relief may be granted under RCFC 60(b)(6) if "such action is appropriate to accomplish justice").  Like RCFC 54(b), granting relief under RCFC 60(b)(6) is limited to "extraordinary circumstances" where denying relief would amount to a miscarriage of justice.  *M.D. by Dilascio v. Sec'y of Health & Hum. Servs.*, 153 Fed. Cl. 544, 559 (2021); *see Wagstaff*, 118 Fed. Cl. at 176.

**B.      Revision of the Court's June 15, 2023, Sanctions Order is Unwarranted.**

At issue here is reconsideration of the Court's June 15, 2023, sanctions order, which required Plaintiff to pay reasonable expenses, including attorneys' fees, incurred by the

Government to bring its sanctions motion (ECF No. 68) after Plaintiff failed to comply with the Court's February 24, 2023, order to provide the names of individual custodians in response to Interrogatory 11(d).  The Court finds that Plaintiff establishes no exceptional circumstance (nor any other reason) that justifies disturbing the Court's prior sanctions ruling, and that the interests of justice do not warrant a revision of the Court's decision.

In its Motion, Plaintiff argues that it complied with the Court's February 24, 2023, order by listing the entities themselves as record custodians and offering Mr. Feldman as the individual custodian in its March 24, 2023, email to the Government.  ECF No. 115 at 3–4.  Plaintiff also contends that the Court's definition of "custodian" in its June 2023 ruling to include Capstone employees "who create and maintain records, either electronically or physically" is overly expansive and that Capstone could not have anticipated such an interpretation given its understanding of "records custodian," which it limits to persons with "knowledge of the procedures under which a record is created." *Id.* at 7 (citing cases discussing the business records hearsay exception); *see id.* at 9.  Plaintiff also asserts that its confusion as to the meaning of "custodian" is similar to the confusion the Court identified in denying the Government's sanctions motion regarding deposition subpoenas because the confusion there was not "squarely Capstone's fault." *Id.* at 9 (citing ECF No. 102 at 103:5–9); *see* Gov't Mot. for Sanctions for Pl.'s Failure to Suppl. R. 26 Disclosure & Produce Witnesses, ECF No. 69.  The Court is unpersuaded by Plaintiff's arguments.

Principally, the Court has already considered and rejected Plaintiff's arguments regarding the definition of the term "custodian" in the context of discovery, and specifically in the context of Interrogatory 11(d).  In its opposition to the Government's sanctions motion, Plaintiff acknowledged that a "custodian" has long been used to "denote an *individual* who has possession

or control over something." Pl.'s Resp. to Gov't's Mot. for Sanctions as to Interrog. 11(d) at 7, ECF No. 72 (emphasis in original). Mr. Feldman's declaration further acknowledged that Capstone employees create and maintain documents, either electronically or physically. *See* ECF No. 72-2 ¶ 2. Plaintiff simply argued that, since a corporation can be a person for legal purposes, it is possible for an entity to be a custodian and that no Capstone employee has been officially designated as an individual records custodian. ECF No. 72 at 8; *see* ECF No. 72-2 ¶ 2. But at the February 2023 conference discussing Interrogatory 11(d), the Court specifically stated that the focus of the interrogatory was the names of custodians searched during discovery, as opposed to the names of entities whose records were searched, which was the focus of Interrogatory 11(f). ECF No. 58 at 45:16–20, 46:5–7; *see id.* at 37:8–12 (describing the dispute regarding Interrogatory 11 as limited to "just [] the names of custodians and . . . any third-party entities that were . . . incorporated in the search"). Indeed, one of the aims of Interrogatory 11(d), as described by the Government, was to identify witnesses who may have information relevant to this case. *Id.* at 36:12–14 ("We just wanted to know the names of the custodians because then that's another way to ensure that we're talking to the right people."). Given the concerns with Plaintiff's productions, the Court indicated that the Government would be allowed to seek information to determine *how* Plaintiff has complied with the discovery requests, "focusing on the names of custodians and then the issue with the[] entities in [Interrogatory 11(f)]." *Id.* at 46:6–7. Notably, Plaintiff presents no new or intervening caselaw or evidence that justifies a change in the Court's evaluation and rather recycles arguments and support from its prior briefing. A motion for reconsideration, however, is not a means to permit an unhappy litigant another opportunity to convince the Court of its arguments. *Demodulation*, 124 Fed. Cl. at 739.

As to Plaintiff's contention that it provided Mr. Feldman's name as an individual custodian on March 24, 2023, the Court finds that such disclosure did not fully comply with the February 24, 2023, order, as evidenced by the scope of the interrogatory plainly outlined at the related February conference, ECF No. 58 at 45:16–20, 46:5–7, and Plaintiff's subsequent response to the interrogatory on June 27, 2023, which included at least nine more individuals for each of the entities at issue, ECF No. 115-6 at 2–6.  To the extent Plaintiff argues that the Court's definition of "custodian" is overly expansive and should be reconsidered because it encompasses "all employees who may have ever created or maintained records," ECF No. 115 at 8, Plaintiff misinterprets the Court's June 2023 order.  The Court's definition of "custodian" cannot be divorced from Interrogatory 11 itself, the scope of which was specifically restricted to the "searches [Plaintiff] made to respond to the United States' discovery requests issued on May 12, 2022, and October 5, 2022." ECF No. 68 at 2.  Thus, subsection (d) requested that Plaintiff identify "all custodians contacted" by Plaintiff in conducting those searches.  *Id.* at 3.  As well, under the Court's rules, all permissible discovery is constrained in scope to relevant, nonprivileged matters. *See* RCFC 26(b).  Therefore, the Court's definition of custodian unquestionably does not require Plaintiff to identify all its employees.  ECF No. 115 at 8.

Plaintiff briefly compares its purported confusion regarding the meaning of "custodian" to the confusion involving another sanctions motion that the Court denied.  In that motion, the Government sought sanctions because Plaintiff failed to timely supplement its Rule 26 disclosures and accept service or produce certain witnesses for depositions.  ECF No. 69 at 1.  The Court denied the motion because while Plaintiff's initial disclosures and emails may have implied that it represented the deponents, the Government did not communicate with Plaintiff regarding the scheduling of depositions after the parties' initial discussions in January 2023, or after the February

2023 status conference, before unilaterally serving notices for depositions in March 2023, giving Plaintiff a short amount of time to confirm whether it would accept service on behalf of the deponents. ECF No. 102 at 15:10–19, 102:11–103:5. The notices (without sufficient discussion) prompted Plaintiff's further deliberation about the representation of third-party witnesses and amendment of its initial disclosures. *Id.* at 102:11–103:5. As such, the Court reasoned that while the clarification by Plaintiff caused some confusion, requiring the Government to change its plans and serve deposition subpoenas, it was not "squarely Capstone's fault." *Id.* at 103:5–9. The Government's unilateral decision to issue notices of deposition without further discussions with Plaintiff played a part in the confusion that resulted. On the other hand, Plaintiff's failure to comply with the Court's order to provide the names of individual custodians was squarely Capstone's fault. Accordingly, this argument fails.

Finally, Plaintiff challenges the reasonableness of the Government's request for fees. ECF No. 115 at 6. However, a challenge to specific fee amounts presents no reason to reconsider the Court's issuance of the sanction altogether, which is based on sound reasoning given Plaintiff's failure to comply with the Court's prior order. At first glance though, the Court notes that the Government's requested fees related to its motion, totaling almost $30,000, appears facially unreasonable in light of the excessive hours resulting from the work of multiple attorneys. ECF No. 115-7 at 1–2; *see, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (explaining reasonable fees are typically the number of hours reasonably expended multiplied by a reasonable hourly rate which exclude fees that are excessive or redundant); *Otay Mesa Prop., L.P. v. United States*, 124 Fed. Cl. 141, 148 (2015) (noting that "the costs of having one set of experienced, competent, and highly paid attorneys review the work of another set of experienced, competent and highly paid attorneys is not reasonable"); *Heger v. United States*, 114 Fed. Cl. 204, 212 (2014)

(discussing reasonable fees). The Court encourages the parties to meet and confer in a good faith effort to agree to an amount; and if they are unable to reach an agreement on reasonable fees, they may submit the matter to the Court for review and decision.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration (ECF No. 115) is **DENIED.** If necessary, the parties may raise any dispute as to the issue of reasonable fees after the current stay is lifted.

**SO ORDERED.**

Dated: August 31, 2023                                 */s/ Kathryn C. Davis*
                                                       KATHRYN C. DAVIS
                                                       Judge