## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| _____ ) | |
| CAPSTONE ASSOCIATED SERVICES, ) <br> LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 21-cv-0913 <br><br> Filed: August 31, 2023 |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Second Motion for Leave to Withdraw as Counsel filed by Plaintiff's attorney of record, Joshua D. Smeltzer, *see* ECF No. 111, and Plaintiff's Motion for Leave to Submit for In Camera Review Its Pro Se Motion to Request Enforcement of Court's Order Denying Mr. Smeltzer's Motion for Leave to Withdraw, *see* ECF No. 110. Upon review, the Court **GRANTS** Mr. Smeltzer's motion and **DENIES AS MOOT** Plaintiff's pro se motion.

## I. BACKGROUND

Mr. Smeltzer again asks the Court for leave to withdraw, this time because Plaintiff has not paid his attorney fees since April 2023. ECF No. 111 at 2. As of August 17, 2023, the amount outstanding is $83,416.98. Emergency Unopposed Mot. for Protective Order and Stay of Disco. at 2, ECF No. 125. Pursuant to Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct and Rule 83.1 of the Rules of the United States Court of Federal Claims ("RCFC"), Mr. Smeltzer notified Plaintiff on June 10, 2023, and June 30, 2023, (as well as at the ex parte hearing on June 14, 2023) that he intended to seek leave to withdraw as counsel if Plaintiff did not promptly pay the outstanding fees. ECF No. 111 at 3. He also argues that his removal as counsel would no longer be disruptive to discovery, as the Court previously ruled in denying his first motion to

withdraw, since all pending discovery motions have since been resolved, a deposition schedule has been set wherein nine of the ten witnesses are third-party depositions that allegedly do not require Mr. Smeltzer's presence, the single deposition of a Capstone representative that does require his attendance is not scheduled until October, and the remaining Rule 30(b)(6) deposition of the Government is limited in scope to only one topic, *i.e.*, IRS Notice 2016-66. *Id.* at 3–4. As such, Mr. Smeltzer contends there is time for new counsel to be retained and become familiar with the case as needed. Finally, Mr. Smeltzer contends that his relationship with Plaintiff has "continued to deteriorate such that effective representation is virtually impossible" as evidenced by Plaintiff's attempt to file an unauthorized ex parte motion with the Court. *Id.* at 4 (citing July 11, 2023, Order, ECF No. 106). The Government has no position on Mr. Smeltzer's motion to withdraw. *Id.* at 5. Plaintiff opposes.

Prior to the second withdrawal request, Plaintiff separately filed its Motion for Leave to Submit for In Camera Review Its Pro Se Motion to Request Enforcement of Court's Order Denying Mr. Smeltzer's Motion for Leave to Withdraw. *See* ECF No. 110. Plaintiff alleges that despite the Court's direction to Mr. Smeltzer to continue his representation of Plaintiff, he has all but abandoned his client; and thus, Plaintiff seeks to "enforce" the Court's prior order. *Id.* at 2. As well, since the proposed motion would include privileged attorney-client communications, Plaintiff seeks to provide the submission ex parte and in camera for the Court's review. *Id.* at 3.

On July 21, 2023, the Court held an ex parte conference via Zoom to discuss Mr. Smeltzer's second motion to withdraw and Plaintiff's motion for leave to file a pro se motion to enforce. *See* ECF No. 114. At the conference, Plaintiff indicated that it was deeply dissatisfied with Mr. Smeltzer's representation, claiming that he has consistently failed to respond in a timely manner

to Plaintiff's correspondence and its requests to take certain actions in this litigation.[1] Nevertheless, Plaintiff objected to allowing Mr. Smeltzer to withdraw because it would be disruptive to the case at this juncture, in part, due to the ten upcoming depositions and because it believes Mr. Smeltzer's claims of "fundamental disagreement" are illusory.  As to attorney fees, Plaintiff represented that it disputes the amount of Mr. Smeltzer's invoices and will not pay Mr. Smeltzer until the present disputes are resolved; however, Plaintiff admitted some partial payment for invoiced costs and fees are owed.

Mr. Smeltzer disagreed with Plaintiff's representations at the conference, noting that most of the outstanding bills related to work performed before he filed his first motion to withdraw and that where fees are unpaid it is unreasonable to ask an attorney to continue representation.  As well, Mr. Smeltzer noted that he has not missed a single deadline, that most of the upcoming depositions are third-party depositions that will be defended by separate counsel, and that Plaintiff's attempt to file on its own an ex parte motion with the Court crystallizes that the attorney-client relationship is unworkable.  Compared to the ex parte conference held on June 15, 2023, where Mr. Smeltzer and Plaintiff described what appeared to the Court to be some disagreements about case strategy, the Court observed significant and palpable animosity between Mr. Smeltzer and Plaintiff at the July 21st conference, evidencing a clear breakdown in the attorney-client relationship.  Plaintiff sought to file an in camera response to Mr. Smeltzer's motion, and Mr. Smeltzer sought to supplement the Motion with additional caselaw.  Accordingly, the Court issued

---

[1] The status conference was held ex parte because of the potential need to discuss information protected by the attorney-client privilege.  The Court finds that the facts and arguments summarized here at a high level, as well as the general references to facts and arguments in the in camera submissions, do not disclose privileged communications.

a scheduling order permitting in camera submissions. *See* ECF No. 116; Minute Order (July 26, 2023).

On July 24, 2023, Mr. Smeltzer submitted a supplement in support of his motion to withdraw, highlighting Texas Disciplinary Rule of Professional Conduct 1.15, as well as caselaw from other circuits reversing denials of motions to withdraw and finding that failure to pay legal fees owed provided sufficient grounds for withdrawal. *See* Notice of Submission of Manual Filing for In Camera Rev., ECF No. 117.

On July 28, 2023, Plaintiff submitted its in camera submission in response to Mr. Smeltzer's motion to withdraw, reiterating many of the arguments presented at the conference. *See* ECF Entry (July 28, 2023).  Plaintiff asserted that Mr. Smeltzer's representations that the upcoming depositions do not require his participation is "disingenuous" because some depositions are of Plaintiff's current or former personnel, requiring Mr. Smeltzer's continued involvement. Plaintiff insists that Mr. Smeltzer has "continued to all but abandon his client" by failing to timely respond to communications, by making himself deliberately unavailable due to other client responsibilities or medical/personal commitments, and by not taking or delaying the taking of certain actions in this litigation.

Regarding fees, Plaintiff claims it disputes the amount of Mr. Smeltzer's billings and has offered, with no response, to attempt to resolve the dispute one-on-one or with the help of a third party.  Plaintiff indicates it is willing to pay for bona fide services rendered; however, it reiterates that Mr. Smeltzer must satisfy his obligations to represent the client fully.  Given the current high level of activity in this case, Plaintiff requests that the Court not permit Mr. Smeltzer's withdrawal through "the completion of discovery and the filing of Plaintiff's re-urged motion for summary

judgment" and instead "issue an order directing Mr. Smeltzer to fully satisfy his role as counsel . . . [and] admonish[ing] him for re-urging his motion to withdraw[.]"

Also on July 28, 2023, there was yet another attorney-client dispute, this time about the filing of a joint status report regarding the sanction aspect of the Court's June 15, 2023, order.  *See* ECF No. 120.  Specifically, Mr. Smeltzer moved for a two-week continuance, in part, because he claimed Plaintiff was "requesting that language be added to the [Government's] draft [report]" that Mr. Smeltzer "finds objectionable and incorrect."  *Id.* at 2.  Given the instant withdrawal motion and Plaintiff's separate request to reconsider the sanction,[2] the Court stayed the deadline of the joint status report until the pending motions are resolved.  *See* ECF No. 123.

On August 17, 2023, Mr. Smeltzer moved for a protective order and stay of discovery until the Court rules on the pending motion to withdraw because he would be forced to attend depositions and participate in other discovery that continues to increase the outstanding fees.  *See* ECF No. 125 at 3.  Later the same day, Plaintiff sought leave to file a response to Mr. Smeltzer's Emergency Motion, noting that Plaintiff opposed a stay of discovery and that Mr. Smeltzer was acting without Plaintiff's authority and against Plaintiff's specific direction.  *See* ECF No. 126 at 5–6.  Considering the Court's intention to grant Mr. Smeltzer's withdrawal request and stay this case until Plaintiff retains new counsel, the Court denied both motions as moot and stayed discovery sua sponte.  *See* Order, ECF No. 127.

## II.  DISCUSSION

Under Texas Disciplinary Rule of Professional Conduct 1.15, a lawyer may withdraw if, among other things, (1) "the client fails substantially to fulfill an obligation to the lawyer regarding

---

[2] With Mr. Smeltzer's assistance, on July 18, 2023, Plaintiff filed a Motion for Reconsideration of the Sanctions Imposed by the Court's June 15, 2023, Order.  *See* ECF No. 115. The reconsideration motion will be addressed in a separate opinion and order.

the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" (2) "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;" or (3) "other good cause for withdrawal exists."  Tex. Disc. R. Pro. Conduct 1.15(b)(5)–(7); *see* ABA Model R. of Pro. Conduct 1.16(b)(5)–(7) (same). "Withdrawal permitted [under these three circumstances] is optional with the lawyer even though the withdrawal may have a material adverse effect upon the interests of the client."  Tex. Disc. R. Pro. Conduct 1.15 cmt. 8.

Although the Federal Circuit has not addressed this issue, several other circuit courts of appeals have held that a litigant's failure to fulfill an obligation to its lawyer, including to pay attorney fees, is sufficient grounds for withdrawal of representation.  *See, e.g.*, *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (finding that "[l]itigants have no right to free legal aid in civil suits" and reversing the denial of a motion to withdraw where the client failed to pay $470,000 in legal fees despite its contract); *Brandon v. Blech*, 560 F.3d 536, 539 (6th Cir. 2009) (reversing the denial of a motion to withdraw where the client refused to pay overdue legal fees); *Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39 (1st Cir. 2001) (reversing the lower court's denial of a motion to withdraw where the client failed to pay over $80,000 in legal fees owed in violation of a written fee agreement).  These circuit decisions further highlight that compelling an attorney to continue without reasonable assurance of compensation may cause significant hardship and/or irreparable harm.  *See Lieberman*, 2 F. App'x at 38–39; *Brandon*, 560 F.3d at 537.

Withdrawal can be appropriate even if it is "material[ly] adverse" to the interests of the client.  *Lieberman*, 2 F. App'x at 38 ("These factors [set forth by the rules of professional conduct]

provide grounds for withdrawal even where withdrawal cannot be accomplished "without material adverse effect on the interests of the client." (citing R.I. S. Ct. R. 1.17(b))); *see Brandon*, 560 F.3d at 538 (noting that the right to withdraw is "presumptively appropriate" where rules governing professional conduct are satisfied); *Cherokee Nation of Okla. v. United States*, 42 Fed. Cl. 15, 17 (1998) (holding that "[ABA Model] Rule 1.16(b) is drafted in the alternative" and allows withdrawal "if *either* it can be accomplished without material adverse effect on the client's interests *or* plaintiff has (1) substantially failed to fulfill an obligation to the plaintiff's counsel, and (2) been given reasonable warning that the lawyer will withdraw" (emphasis in original)). However, a lawyer engaged in coercive tactics may forfeit any right to withdraw where, for example, she waits "until the client is over a barrel [before] springing a demand for payment (perhaps enhanced payment)" as such conduct is condemned by the courts. *Fid. Nat'l Title*, 310 F.3d at 540.

After careful consideration, the Court finds that Plaintiff's failure to pay legal fees provides sufficient grounds to grant Mr. Smeltzer's motion to withdraw under the Texas Disciplinary Rules of Professional Conduct (or ABA Model Rules) and relevant caselaw. Here, Plaintiff has failed to pay legal fees as agreed since at least April 2023, amounting to an outstanding balance of over $83,000. Mr. Smeltzer appropriately provided reasonable warning on at least three occasions that invoices were outstanding and that he would seek to withdraw unless Plaintiff timely paid. Plaintiff, via its representative, Mr. Stewart Feldman, acknowledged that some payment is owed to Mr. Smeltzer but conditioned payment on resolving a dispute as to the total amount owed. As such, Mr. Smeltzer's attorney fees remain unpaid, and the Court finds that compelling Mr. Smeltzer to continue legal representation would constitute a significant hardship under these circumstances, especially since several months have passed without resolution of the fee dispute.

Although the Court disagrees with Mr. Smeltzer's contention that his removal as counsel would not be disruptive at this stage of the proceedings, particularly with numerous depositions to be conducted where Plaintiff must have or is entitled to have an attorney of record present representing its interests, the applicable rules of professional conduct permit withdrawal regardless of whether it may have an adverse impact.  Additionally, the Court does not consider Mr. Smeltzer's conduct here to rise to the level of coercive tactics.  Moreover, the Court has very low confidence that Mr. Smeltzer and Plaintiff could promptly reach an agreement concerning attorney fees that would moot the withdrawal request and allow the case to proceed under the current (or even a reasonably modified) schedule.

Alternatively, the Court also finds there is good cause for withdrawal because there has been a "total breakdown of the attorney-client relationship" between Mr. Smeltzer and Plaintiff as evidenced by Plaintiff's attempt to file an unauthorized ex parte motion with the Court against Mr. Smeltzer, the apparent animosity witnessed at the ex parte conference, the inability to file even a joint status report due to attorney-client disagreements, Mr. Smeltzer's recently filed emergency motion requesting a stay of discovery, and Plaintiff's motion for leave to file an opposition to the stay.  *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010); *see, e.g.*, *Gold's Gym Licensing, LLC v. K–Pro Mktg. Grp., Inc.*, No. 09-1211, 2009 WL 3520858, at *3 (D. Minn. Oct. 26, 2009) ("We have, in the past, found that good cause exists where counsel cannot adequately represent the client . . . or where a degree of fractiousness, between the client and counsel, has developed which inhibits 'the just, speedy, and inexpensive determination of [the] action.'" (quoting Fed. R. Civ. P. 1)).  The infighting between Mr. Smeltzer and Plaintiff—which has spawned a side-litigation in this case—has itself been disruptive and is untenable.  In denying Mr. Smeltzer's first request, the Court was hopeful that

disagreements could be set aside or at least managed so as to allow an efficient and prompt close of discovery.  It is clear now, considering the level of dissatisfaction expressed by both sides of this attorney-client relationship, that further contention and disputes will likely continue and will likely impede the Court's case management schedule if Mr. Smeltzer were required to continue representation, possibly without pay, through the completion of discovery.

Therefore, at this point, the weight of the various considerations that bear on the exercise of the Court's sound discretion favors withdrawal.  *See White*, 2010 WL 2473833, at *3.  To mitigate any adverse impact on Plaintiff, the Court will stay all proceedings for 60 days to allow Plaintiff to retain new counsel and will consider requests for additional time thereafter for the parties to complete depositions and expert discovery.

### III. CONCLUSION

Based on the foregoing, Mr. Smeltzer's Second Motion for Leave to Withdraw (ECF No. 111) is **GRANTED**, Plaintiff's Motion for Leave to Submit for In Camera Review Its Pro Se Motion to Request Enforcement of Court's Order Denying Mr. Smeltzer's Motion for Leave to Withdraw (ECF No. 110) is **DENIED AS MOOT**, and this matter is **STAYED** pending further order of this Court.  Under RCFC 83.1(a)(3) and (c)(1), a corporate plaintiff before this Court must be represented by Counsel.  Accordingly, on or before **October 30, 2023**, Plaintiff shall file a motion to substitute counsel in accordance with RCFC 83.1(c)(4).

**SO ORDERED.**

Dated: August 31, 2023                              */s/ Kathryn C. Davis*
                                                    KATHRYN C. DAVIS
                                                    Judge

9